UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-55-RJC

| | |
|---|---|
| JEREMY JOHN WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| AVERY COUNTY ) | |
| SHERIFF'S OFFICE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1997A(a).[1]

**I.      BACKGROUND**

In his complaint, Plaintiff alleges that the Avery County Sheriff's Office knowingly violated his constitutional right of access to the courts. In particular, Plaintiff alleges that on or about October 20, 2011, Defendant denied his request for his attorney's address; that his legal mail from Plaintiff to his attorney was "placed in property for 9 months with no notification of its existence," (Doc. No. 1 at 4); that Plaintiff's legal mail was not forwarded by Defendant to him while Plaintiff was still in the custody of Defendant, but was housed in another location; and last, that on October 31, 2011, Plaintiff filed a "a motion that was never answered." (Id.).

Plaintiff claims that Respondent's actions caused him to lose $5,000 in bail money; that Plaintiff was charged with additional felony or enhanced charges; and that his period of

---

[1] The Court has examined Plaintiff's motion to proceed *in forma pauperis* and his prisoner trust account. Based on this evidence, the Court finds that Plaintiff does not have sufficient funds to prepay his filing fee and his motion will therefore be allowed. (Doc. No. 2).

1

incarceration was extended. In his claim for relief, Plaintiff seeks to recover the $5,000 in bail money; $10,000 in compensatory damages because he incurred additional charges; and $15,000 in compensatory damages for loss of freedom. (Doc. No. 1 at 4-5).

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." In conducting this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To this end, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), however, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.    DISCUSSION

Plaintiff admits that he did not participate in any internal grievance procedures while housed at the Avery County Jail or following his transfer to a new custodian. (Doc. No. 1 at 2). It appears from the record that at the time Plaintiff filed his complaint, he was in custody in South Carolina in the Spartanburg County Detention Center. See (Doc. No. 1-1). Nevertheless, Plaintiff, who was an inmate at the time he filed his complaint, is subject to the Prisoner

Litigation Reform Act ("PLRA") which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

Plaintiff explains that he did not bring the present claims to the attention of Defendant because he was not aware that his legal mail was being held until he had been released from Defendant's custody and placed in the custody of another jurisdiction, which may have been Spartanburg County. (Doc. No. 2 at 2-3). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204. Further, this requirement "has the potential to reduce the number of inmate suits, and also improve the quality of suits that are filed by producing a useful administrative record." Id. (citing Woodford v. Nqo, 548 U.S. 81, 94-95 (2006)). While Plaintiff appears to conclude that notifying Defendant of his present claims would serve no useful purpose, exhaustion remains mandatory "even where the inmate claims that exhaustion would be futile." Reynolds v. Doe, 431 F. App'x 221, 222 (4th Cir. 2011) (unpublished) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis,* (Doc. No. 2), is **GRANTED**; and

2. Plaintiff's complaint, (Doc. No. 1), is **DISMISSED** without prejudice.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge